

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00234-CR

_____

MELVIN WAYNE RICHARDSON, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 195th District Court
Dallas County, Texas
Trial Court No. F06-62371-N

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Melvin Wayne Richardson entered an open plea of guilty to the charge of possession of a controlled substance of more than four grams but less than 200 grams with the intent to deliver. *See* TEX. HEALTH AND SAFETY CODE ANN. § 481.112 (West 2010). Richardson also pled "true" to one prior felony conviction, as alleged in the enhancement paragraph of the indictment. Richardson elected to have his punishment submitted to the jury and was sentenced in accordance with the jury verdict to twenty-five years' incarceration.[1]

Richardson's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel provided Richardson with a copy of the brief, the appellate record, and the motion to withdraw. Counsel also informed Richardson of his right to review the record and file a pro se

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

response.  Richardson's pro se response, if any, was due on or before June 3, 2015.  Richardson has not filed a pro se response and has not requested an extension of time in which to file such response.

We have determined that this appeal is wholly frivolous.  We have independently reviewed the clerk's and reporter's records, and we agree that no arguable issues support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment.  *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 24, 2015
Date Decided:       July 9, 2015

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case.  *Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.